UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

RANDY JOHNSON,

                Plaintiff,

      -against-

WEST ASSET MANAGEMENT, INC.,

                Defendant.

----------------------------------------------------------------X

**F!LED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 2 3 2009   ★

LONG ISLAND OFFICE

***CLASS ACTION
COMPLAINT***

**CV-09 2673**

*MAUSKOPF, J.*

*LEVY, M.*

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the West Asset Management, Inc., alleges as follows:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.    Plaintiff is a natural person residing in Queens County, New York.

3.    Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Omaha, Nebraska.

## JURISDICTION

4.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

5.      Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.      That a personal debt was allegedly incurred by the Plaintiff to an unknown creditor.

7.      That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and or assigned to the Defendant for collection.

8.      That on or about February 1, 2009, Plaintiff received a letter from the Defendant attempting to collect a debt.

9.      That on or about February 5, Plaintiff sent a letter, in writing to the Defendant, disputing the debt, requesting verification of the debt in writing, and to cease from further telephone communications, but said letter was returned as "undeliverable".

10.     That on or about March 3, 2009, Plaintiff sent another letter, in writing to the Defendant, which disputed the debt, requested verification of the debt in writing, requested Defendant to cease from further telephone communications, and informed the Defendant that Plaintiff was represented by an attorney in this matter, Amir J. Goldstein, and provided the Defendant with his attorney's contact information.

11.     That said letter was tracked by the United States Postal Service and confirmed received by the Defendant on or about March 9, 2009.

12.     That on or about April 8, 2009, Plaintiff received a phone call from phone number (703) 291-9037, a number that belongs to the Defendant, attempting to collect alleged debt from the Plaintiff.

13.     That on or about May 5, 2009, Plaintiff received a call from phone number (888) 821-0027, a number that belongs to the Defendant, where Defendant's agent "Ashley Phillips" attempted to collect alleged debt from the Plaintiff.

14.     That Defendant's agent "Ashley Phillips" continued to make calls attempting to collect the alleged debt from Plaintiff again on or about May 6, May 8 and May 9 of 2009.

15.   That despite the received dispute and request to cease from abusive phone calls, the Defendant continued to call and demand payment of disputed debt without providing verification or any documentary evidence of the disputed sum demanded.

16.   That the Defendant failed to advise the consumer that the communication was from the debt collector in further violation of the FDCPA.

17.   That Defendant continued to contact the Defendant despite Plaintiff's notification that he was represented by an attorney.

18.   Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsection g(b) and c(a) in that the Defendant continued collection efforts despite failing to provide verification after the Plaintiff disputed the debt knowing the Plaintiff was represented by an attorney with respect to the alleged debt.

19.   That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

20.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this cause of action.

21.   This cause of action is brought on behalf of Plaintiff and the members of a class.

22.   The class consists of consumers who received telephone calls from the Defendant without validating an alleged debt disputed by the consumer.

23.   The class consists of all persons whom Defendant's records reflect resided in the United States and who received a telephone call (a) from one of the Defendant's collection representatives who attempted to collect a debt disputed by the consumer and (b) the Defendant had not previously verified the debt as required by the FDCPA; and (c) that the message contained violations of 15 U.S.C. 1692 et seq., subsections c, d, e, f, and/or g.

24.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the fact that telephone calls are at the heart of this litigation, the class is so numerous that joinder is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

    (C)    The only individual issue is the identification of the consumers who received a phone call after a dispute and without verification, (i.e. the class members), a matter capable of ministerial determination from the records of the Defendant.

    (D)    The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

    (E)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff have retained counsel experienced in bringing class actions and collection-abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

25.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)     Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)     Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)     For such other and further relief as may be just and proper.

Dated: June 8, 2009

Amir J. Goldstein, Esq.
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein  (AG-2888)